SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE __2-20-04__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

LINDA DAVIS and
BARRY DAVIS, her husband,
9 Jay Street
Auburn, MA 01501

Plaintiffs,

vs.

ELI LILLY AND COMPANY, an Indiana corporation,
Lilly Corporate Center
307 East McCarty Street
Indianapolis, IN 46225

Defendant.

04 10349 MEL

Civil Action No.:

MAGISTRATE JUDGE Alexander

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs sue the Defendant and allege:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs. The basis for this Court's jurisdiction is diversity of citizenship under 28 USC §1332.

2. Plaintiffs are residents of the Commonwealth of Massachusetts.

3. The Defendant, Eli Lilly and Company, is an Indiana corporation, with its principal place of business other than in the Commonwealth of Massachusetts.

4. The Defendant was in the 1960s and 1970s, and still is, engaged in the worldwide manufacture, sale, promotion and/or distribution of pharmaceuticals in general, including the drug diethylstilbestrol or "DES," a synthetic estrogen. The Defendant did business in the Commonwealth of Massachusetts in the 1960s and continues to do so today.

5. In 1948, Lilly made application to the Food and Drug Administration for approval

to sell DES for use by pregnant women. On or about November of 1971, the FDA banned DES for use in pregnancy.

6. Plaintiff Linda Davis was born April 13, 1961, in Worcester, Massachusetts.

7. In 1960-1961, during her pregnancy with Plaintiff, the mother of Plaintiff, Dorothy White, ingested the drug DES. Said drug was prescribed by the physicians of Dorothy White as a medication to prevent miscarriage. The drug was manufactured, sold, promoted and/or distributed by the Defendant.

8. Alternatively, the Defendant negligently produced, distributed and/or marketed the type of DES taken by Plaintiff's mother and which caused Plaintiffs' injuries. Plaintiff has made a reasonable attempt to identify the specific manufacturer and/or distributor responsible for her injuries and is unable to do so.

### Count I - Negligence

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

9. The Defendant was negligent in its manufacturing, testing, selling, promoting, advertising and/or distributing DES and in furnishing the formula to others for manufacture, marketing, promoting and advertising the drug, because they knew, or in the exercise of reasonable care, should have known, that among other hazards of this drug, it was a carcinogen, it was ineffective and useless in preventing miscarriages, it was a teratogen and its safety for use during pregnancy had not been established. The Defendant was further negligent in failing to give adequate warning to the medical profession and to the public of the aforesaid hazards and other dangers of this drug, and of its ineffectiveness in preventing miscarriages.

10. As a direct and proximate result of Plaintiff's embryonic exposure to DES, she suffered injuries, including but not limited to, clear cell adenocarcinoma of the vagina with recurrence and sequelae, including widespread metastatic disease resulting in poor prognosis for survival, recurrent cellulitis, complications of chemotherapy and radiation therapy including premature menopause, chronic fatigue, and decreased immune function; and extraordinary out-of-pocket expenses during her medical care and treatment and in the future.

11. As a direct and proximate result of the negligence of the Defendant as aforesaid, Plaintiff Linda Davis has suffered and will continue to suffer bodily harm, permanent injury, physical pain, mental pain and anguish, lost wages, loss of future earning capacity, loss of enjoyment of life, extreme anxiety concerning her cancer, and she has incurred and will continue to incur substantial out-of-pocket medical expenses and other expenses in an effort to cure and correct her injuries.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

## Count II - Strict Liability

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

12. Diethylstilbestrol is, and at all times relevant to this action was, an unreasonably dangerous and harmful drug when used by pregnant women for its advertised and intended purpose as a miscarriage preventative.

13. The Defendant knew, or should have known in the exercise of reasonable care, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and the

dangers to unborn children should have been disseminated to overcome the Defendants' extensive advertising campaign proclaiming the safety and efficacy of DES.

14. As a result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug, Plaintiff Linda Davis was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count III - Breach of Warranty

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

15. At all times material to this action, the Defendant manufactured, marketed, promoted and/or distributed DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

16. Defendant knew or should have known that pregnant women, including the mother of the Plaintiff and her attending physicians, were relying on Defendant's skill and judgment and their implied and express warranties and representations.

17. Plaintiff Linda Davis was a foreseeable member of that class of persons entitled to rely upon the implied warranties imposed by law upon the Defendant's products. Plaintiff is a beneficiary of the warranties alleged above.

18. At all times material, these implied and express warranties and representations

were false, misleading and unfounded. In fact, diethylstilbestrol was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19. As a direct result of the breach of warranties by the Defendant, Plaintiff Linda Davis was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count IV - Negligent Misrepresentation

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

20. Defendant falsely represented to Plaintiff's mother, her physicians and members of the general public, that DES was safe and efficacious for use in preventing miscarriage by virtue of intentionally ambiguous, vague, confusing and inconsistent labeling. The representations by the Defendant and the lack of them were in fact false. The true facts were that the DES product was not safe for said purpose and was, in fact, dangerous to the health and body of Plaintiff.

21. The Defendant made the aforesaid representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Further, the Defendant was aware that without such information they could not accurately make the aforesaid representations.

22. At the time the aforesaid representations were made, the Defendant concealed from Plaintiff's mother and her physicians their lack of information and their consequent inability to make the aforesaid representations accurately.

23. The aforesaid representations were made by the Defendant with the intent to

5

induce Plaintiff's mother and her physicians to act in the manner herein alleged.

24. At the time the Defendant made the aforesaid representations, and at the time Plaintiff's mother ingested DES, Plaintiff's mother and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff's mother and her physicians were induced to, and did, use and prescribe the aforesaid product as herein described. If Plaintiff's mother and her physicians had known the actual facts, they would not have taken such action. The reliance of Plaintiff's mother and her physicians upon the Defendant's representations was justified because they were made by individuals and entities who appeared to be in a position to know the facts.

25. As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant, Plaintiff Linda Davis was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count V - Consortium Claim

Plaintiff Barry Davis realleges the foregoing and further says:

26. At all times material, he was and is the husband of the Plaintiff Linda Davis since their marriage on October 6, 1984.

27. As a direct and proximate result of the conduct of the Defendant as alleged above, he has suffered the loss of his wife's society, comfort and companionship, and he will continue to experience such losses in the future.

WHEREFORE, Plaintiff Barry Davis demands judgment for damages, costs and trial by jury.

### Count VI - Punitive Damages

Plaintiffs reallege the allegations contained in paragraphs 1 through 27 above and further state:

28. At all times described herein, the Defendant's acts were intentional, willful, wanton and malicious in that its conduct was carried on with a conscious disregard for the safety and rights of the Plaintiffs. The Defendant's unconscionable conduct thereby warrants an assessment of exemplary and punitive damages against it in an amount appropriate to punish the Defendant and set an example of it.

WHEREFORE, Plaintiffs pray for punitive damages against the Defendant in a sum greater than Seventy Five Thousand Dollars ($75,000), as well as interest, costs, attorneys' fees and expenses.

Dated this 16th day of February, 2004.

Respectfully submitted,

KENNETH M. LEVINE & ASSOCIATES

Kenneth M. Levine, Esquire, BBO# 296850
Sheila Mone, Esquire, BBO# 634615
370 Washington Street
Brookline Village, MA 02445
617-566-2700     Fax 617-566-6144

and

PATRICIA MARTIN STANFORD, ESQUIRE
PATRICIA MARTIN STANFORD, P.A.
1930 San Marco Boulevard, Suite 202
Jacksonville, Florida 32207
904-346-4215     Fax 904-346-4275
ATTORNEYS FOR PLAINTIFFS