UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA DAVIS and BARRY DAVIS,

    Plaintiffs,

v.

ELI LILLY AND COMPANY,

    Defendant.

CIVIL ACTION No. 1:04 CV-10349 (MEL)

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE COMPLAINT AND JURY DEMAND

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 2. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 2 of the Complaint.

3. Lilly admits the allegations in Paragraph 3 of the Complaint, and further states that it is corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana.

FHBoston/1048497.4

4. In response to the allegations contained in Paragraph 4 of the Complaint, Lilly states that following Food and Drug Administration ("FDA") approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Lilly also states that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly further states that it did sell and distribute diethylstilbestrol in Massachusetts, and that it is doing business in the District of Massachusetts. Except as already stated, Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations in Paragraph 5 as stated, but admits that, following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for prevention of certain accidents of pregnancy as referenced in its product literature. Further answering, Lilly states that in 1971 the FDA required pharmaceutical manufacturers to modify their product literature to list pregnancy as a contraindication to the use of DES. Except as already stated, Lilly denies all other allegations in Paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 6. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 6 of the Complaint.

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 7. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. To the extent any further answer is required, Lilly denies the allegations of Paragraph 7 of the Complaint.

8. Lilly denies the allegations in the first sentence of Paragraph 8 of the Complaint. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 8.

## COUNT I
**(Negligence)**

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

## COUNT II
**(Strict Liability)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 11 above.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT III
**(Breach of Warranty)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 14 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV
### (Negligent Misrepresentation)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 19 above.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT V
### (Loss of Consortium)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 24 above.

26. Lilly Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 26. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

### Count VI--Punitive Damages

Lilly repeats and realleges its answers contained in Paragraphs 1 through 26 above.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs' Claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

**DEMAND FOR JURY TRIAL**

The answering defendant requests a trial by jury.

                                      Respectfully submitted,

                                      ELI LILLY AND COMPANY,

                                      By its Attorneys,

                                      /s/ John M. Granberry
                                      James J. Dillon
                                      John M. Granberry
                                      Foley Hoag LLP
                                      155 Seaport Boulevard
                                      World Trade Center West
                                      Boston, MA 02210-2600
                                      (617) 832-1000

Dated: May 3, 2004