EXHIBIT "A" - AMENDED COMPLAINT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

BARRY DAVIS, individually, and as
Administrator of the ESTATE OF LINDA MARIE
DAVIS, deceased,
9 Jay Street
Auburn, MA 01501

         *Plaintiff*,

vs.                                           Civil Action No.: 1:04-cv-10349-MEL

ELI LILLY AND COMPANY, an Indiana corporation,
Lilly Corporate Center
307 East McCarty Street
Indianapolis, IN 46225

         *Defendant.*

___

**AMENDED COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

The Plaintiff sues the Defendant and alleges:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs. The basis for this Court's jurisdiction is diversity of citizenship under 28 USC §1332.

2. Plaintiff, Barry Davis, is a resident of the Commonwealth of Massachusetts and the duly appointed Administrator of the Estate of Linda Marie Davis, pursuant to a Decree of the Worcester County Probate Court Docket No. 04P1815EP1 dated August 25, 2004.

3. Plaintiff, Barry Davis, is the surviving spouse of the Decedent Linda Marie Davis. Brittany L. Davis and Matthew E. Davis are the surviving minor children of the Decedent Linda Marie Davis.

4. The Defendant, Eli Lilly and Company, is an Indiana corporation, with its principal place of business other than in the Commonwealth of Massachusetts.

5. The Defendant was in the 1960s and 1970s, and still is, engaged in the worldwide manufacture, sale, promotion and/or distribution of pharmaceuticals in general, including the drug diethylstilbestrol or "DES," a synthetic estrogen. The Defendant did business in the Commonwealth of Massachusetts in the 1960s and continues to do so today. The Defendant sold the drug DES in the Commonwealth of Massachusetts in the 1960s and 1970s.

6. In 1948, Lilly made application to the Food and Drug Administration for approval to sell DES for use by pregnant women. On or about November of 1971, the FDA banned DES for use in pregnancy.

7. The Decedent Linda Marie Davis was born April 13, 1961, in Worcester, Massachusetts and died May 19, 2004 in Auburn, Massachusetts.

8. In 1960-1961, during her pregnancy with Decedent Linda Marie Davis, the mother of Decedent Linda Marie Davis, Dorothy White, ingested the drug DES. Said drug was prescribed by the physicians of Dorothy White as a medication to prevent miscarriage. The drug was manufactured, sold, promoted and/or distributed by the Defendant.

9. Alternatively, the Defendant negligently produced, distributed and/or

marketed the type of DES taken by Decedent Linda Marie Davis's mother and which caused Decedent Linda Marie Davis' injuries. Plaintiff has made a reasonable attempt to identify the specific manufacturer and/or distributor responsible for the Decedent's injuries and is unable to do so.

10. The cause of death of Decedent Linda Marie Davis was clear cell adenocarcinoma of the vagina as a consequence of *in utero* exposure to DES.

### Count I - Negligence

Plaintiff realleges the allegations contained in paragraphs 1 through 10 above and further states:

11. The Defendant was negligent in its manufacturing, testing, selling, promoting, advertising and/or distributing DES and in furnishing the formula to others for manufacture, marketing, promoting and advertising the drug, because they knew, or in the exercise of reasonable care, should have known, that among other hazards of this drug, it was a carcinogen, it was ineffective and useless in preventing miscarriages, it was a teratogen and its safety for use during pregnancy had not been established. The Defendant was further negligent in failing to give adequate warning to the medical profession, including the physician of Decedent Linda Marie Davis' mother, and to the public, of the aforesaid hazards and other dangers of this drug, and of its ineffectiveness in preventing miscarriages.

12. As a direct and proximate result of Decedent Linda Marie Davis' *in utero* exposure to DES, she suffered injuries, including but not limited to, clear cell adenocarcinoma of the vagina with recurrence and sequelae, including widespread metastatic disease, recurrent cellulitis, complications of chemotherapy and radiation therapy including

premature menopause, chronic fatigue, decreased immune function, and ultimately, death.

13. As a direct and proximate result of the negligence of the Defendant as aforesaid:

A. The Decedent Linda Marie Davis was caused to endure extreme conscious physical pain and discomfort, mental pain and anguish, and to ultimately suffer death.

B. Plaintiff suffered prior to his wife's death, and continues to suffer, the loss of her society, comfort and companionship, loss of consortium, and loss of support and services.

C. Decedent Linda Marie Davis' minor children, Brittany L. Davis and Matthew E. Davis, suffered prior to their mother's death, and continue to suffer, the loss of parental consortium, guidance, comfort, companionship, support and services.

D. The Estate of Linda Marie Davis has incurred medical expenses, funeral expenses and burial expenses.

WHEREFORE, Plaintiff demands judgment for wrongful death damages, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the Decedent Linda Marie Davis to the persons entitled to the damages recovered; the reasonable funeral and burial expenses of the Decedent Linda Marie Davis; damages for the conscious pain and suffering of Decedent Linda Marie Davis; damages on behalf of Plaintiff, Brittany L. Davis and Matthew E. Davis for their losses of spousal and parental consortium prior to the death of Decedent; all such other and further damages as may be allowed by law;

costs and trial by jury.

## Count II - Strict Liability

Plaintiff realleges the allegations contained in paragraphs 1 through 10 above and further states:

14. Diethylstilbestrol is, and at all times relevant to this action was, an unreasonably dangerous and harmful drug when used by pregnant women for its advertised and intended purpose as a miscarriage preventative.

15. The Defendant knew, or should have known in the exercise of reasonable care, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and the dangers to unborn children should have been disseminated to overcome the Defendant's extensive advertising campaign proclaiming the safety and efficacy of DES.

16. As a result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug, Decedent Linda Marie Davis was exposed *in utero* to the drug DES and suffered injuries, including but not limited to, clear cell adenocarcinoma of the vagina with recurrence and sequelae, including widespread metastatic disease, recurrent cellulitis, complications of chemotherapy and radiation therapy including premature menopause, chronic fatigue, decreased immune function, and ultimately, death.

17. As a direct result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug:

  A. The Decedent Linda Marie Davis was caused to endure extreme conscious physical pain and discomfort, mental pain and anguish, and to ultimately suffer death.

  B. Plaintiff has suffered and continues to suffer the loss of his wife's society, comfort and companionship, loss of consortium, and loss of support and services.

  C. Decedent Linda Marie Davis' minor children, Brittany Davis and Matthew Davis, have suffered and continue to suffer the loss of parental consortium, guidance, comfort, companionship, support and services.

  D. The Estate of Linda Marie Davis has incurred medical expenses, funeral expenses and burial expenses.

WHEREFORE, Plaintiff demands judgment for wrongful death damages, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the Decedent Linda Marie Davis to the persons entitled to the damages recovered; the reasonable funeral and burial expenses of the Decedent Linda Marie Davis; damages for the conscious pain and suffering of Decedent Linda Marie Davis; damages on behalf of Plaintiff, Brittany L. Davis and Matthew E. Davis for their losses of spousal and parental consortium prior to the death of Decedent; all such other and further damages as may be allowed by law; costs and trial by jury.

### Count III - Breach of Warranty

Plaintiff realleges the allegations contained in paragraphs 1 through 10 above and

further states:

18.  At all times material to this action, the Defendant manufactured, marketed, promoted and/or distributed DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

19.  Defendant knew or should have known that pregnant women, including the mother of the Decedent Linda Marie Davis and her attending physicians, were relying on Defendant's skill and judgment and their implied and express warranties and representations.

20.  Decedent Linda Marie Davis was a foreseeable member of that class of persons entitled to rely upon the implied warranties imposed by law upon the Defendant's products.  Decedent Linda Marie Davis is a beneficiary of the warranties alleged above.

21.  At all times material, these implied and express warranties and representations were false, misleading and unfounded.  In fact, diethylstilbestrol was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

22.  As a direct result of the breach of warranties by the Defendant, Decedent Linda Marie Davis was exposed *in utero* to the drug DES and suffered injuries, including but not limited to, clear cell adenocarcinoma of the vagina with recurrence and sequelae, including widespread metastatic disease, recurrent cellulitis, complications of chemotherapy and radiation therapy including premature menopause, chronic fatigue, decreased immune function, and ultimately, death.

23.  As a direct result of the breach of warranties by the Defendant:

      A.      The Decedent Linda Marie Davis was caused to endure extreme conscious physical pain and discomfort, mental pain and anguish, and to ultimately suffer death.

      B.      Plaintiff has suffered and continues to suffer the loss of his wife's society, comfort and companionship, loss of consortium, and loss of support and services.

      C.      Decedent Linda Marie Davis' minor children, Brittany L. Davis and Matthew E. Davis, have suffered and continue to suffer the loss of parental consortium, guidance, comfort, companionship, support and services.

      D.      The Estate of Linda Marie Davis has incurred medical expenses, funeral expenses and burial expenses.

WHEREFORE, Plaintiff demands judgment for wrongful death damages, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the Decedent Linda Marie Davis to the persons entitled to the damages recovered; the reasonable funeral and burial expenses of the Decedent Linda Marie Davis; damages for the conscious pain and suffering of Decedent Linda Marie Davis; damages on behalf of Plaintiff, Brittany L. Davis and Matthew E. Davis for their losses of spousal and parental consortium prior to the death of Decedent; all such other and further damages as may be allowed by law; costs and trial by jury.

### Count IV - Negligent Misrepresentation

Plaintiff realleges the allegations contained in paragraphs 1 through 10 above and

further states:

24. Defendant falsely represented to Decedent Linda Marie Davis's mother, her physicians and members of the general public, that DES was safe and efficacious for use in preventing miscarriage by virtue of intentionally ambiguous, vague, confusing and inconsistent labeling. The representations by the Defendant and the lack of them were in fact false. The true facts were that the DES product was not safe for said purpose and was, in fact, dangerous to the health and body of Decedent Linda Marie Davis.

25. The Defendant made the aforesaid representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Further, the Defendant was aware that without such information they could not accurately make the aforesaid representations.

26. At the time the aforesaid representations were made, the Defendant concealed from Decedent Linda Marie Davis's mother and her physicians their lack of information and their consequent inability to make the aforesaid representations accurately.

27. The aforesaid representations were made by the Defendant with the intent to induce Decedent Linda Marie Davis's mother and her physicians to act in the manner herein alleged.

28. At the time the Defendant made the aforesaid representations, and at the time Decedent Linda Marie Davis's mother ingested DES, Decedent Linda Marie Davis's mother and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Decedent Linda Marie Davis's mother and her physicians were induced to, and did, use and prescribe the aforesaid product

as herein described. If Decedent Linda Marie Davis's mother and her physicians had known the actual facts, they would not have taken such action. The reliance of Decedent Linda Marie Davis's mother and her physicians upon the Defendant's representations was justified because they were made by individuals and entities who appeared to be in a position to know the facts.

29. As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant, Decedent Linda Marie Davis was unreasonably exposed to DES as an unborn child and has suffered injury, including but not limited to, clear cell adenocarcinoma of the vagina with recurrence and sequelae, including widespread metastatic disease, recurrent cellulitis, complications of chemotherapy and radiation therapy including premature menopause, chronic fatigue, decreased immune function, and ultimately, death.

30. As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant:

  A. The Decedent Linda Marie Davis was caused to endure extreme conscious physical pain and discomfort, mental pain and anguish, and to ultimately suffer death.

  B. Plaintiff has suffered and continues to suffer the loss of his wife's society, comfort and companionship, loss of consortium, and loss of support and services.

  C. Decedent Linda Marie Davis' minor children, Brittany L. Davis and Matthew E. Davis, have suffered and continue to suffer the loss of parental consortium,

guidance, comfort, companionship, support and services.

   D. The Estate of Linda Marie Davis has incurred medical expenses, funeral expenses and burial expenses.

WHEREFORE, Plaintiff demands judgment for wrongful death damages, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the Decedent Linda Marie Davis to the persons entitled to the damages recovered; the reasonable funeral and burial expenses of the Decedent Linda Marie Davis; damages for the conscious pain and suffering of Decedent Linda Marie Davis; damages on behalf of Plaintiff, Brittany L. Davis and Matthew E. Davis for their losses of spousal and parental consortium prior to the death of Decedent; all such other and further damages as may be allowed by law; costs and trial by jury.

### Count V - Punitive Damages

Plaintiffs reallege the allegations contained in paragraphs 1 through 30 above and further states:

31. At all times described herein, the Defendant's acts were intentional, willful, wanton and malicious in that its conduct was carried on with a conscious disregard for the safety and rights of the Decedent Linda Marie Davis. The Defendant's unconscionable conduct thereby warrants an assessment of exemplary and punitive damages against it in an amount appropriate to punish the Defendant and set an example of it.

WHEREFORE, Plaintiff prays for punitive damages against the Defendant in a sum greater than Seventy Five Thousand Dollars ($75,000), as well as interest, costs, attorneys'

fees and expenses.

Dated this _____ day of _____, 2004.

                                      Respectfully submitted,

                                      PATRICIA MARTIN STANFORD, P.A.

                                      /s/ Patricia Martin Stanford
                                      _____
                                      PATRICIA MARTIN STANFORD, ESQUIRE
                                      Admitted *pro hac vice*
                                      3609 Hendricks Avenue
                                      Jacksonville, Florida 32207
                                      904-346-4215     Fax 904-346-4275

                                      And

                                      KENNETH M. LEVINE & ASSOCIATES
                                      Kenneth M. Levine, Esquire, BBO# 296850
                                      Sheila Mone, Esquire, BBO# 634615
                                      370 Washington Street
                                      Brookline Village, MA 02445
                                      617-566-2700     Fax 617-566-6144

                                      ATTORNEYS FOR PLAINTIFFS