UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY DAVIS, individually, and as Administrator of the ESTATE OF LINDA MARIE DAVIS, deceased, 9 Jay Street Auburn, MA 01501<br><br>        Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY, Lilly Corporate Center 307 East McCarty Street Indianapolis, IN 46225<br><br>        Defendant. | CIVIL ACTION No. 1:04 CV-10349 (MEL) |

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE AMENDED COMPLAINT FOR WRONGFUL DEATH AND JURY DEMAND

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1.  Whether jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 2 of the Amended Complaint.

FHBoston/1115975.1

3.  Lilly admits the allegations contained in Paragraph 3 of the Amended Complaint.

4.  Lilly admits the allegations in Paragraph 4 of the Amended Complaint, and further states that it is corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana.

5.  In response to the allegations contained in Paragraph 5 of the Amended Complaint, Lilly states that following Food and Drug Administration ("FDA") approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES.  Lilly also states that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly.  Lilly further states that it did sell and distribute diethylstilbestrol in Massachusetts, and that it is doing business in Massachusetts.  Except as already stated, Lilly denies the allegations contained in Paragraph 5 of the Amended Complaint.

6.  Lilly denies the allegations in Paragraph 6 as stated, but admits that, following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for prevention of certain accidents of pregnancy as referenced in its product literature.  Further answering, Lilly states that in 1971 the FDA required pharmaceutical manufacturers to modify their product literature to list pregnancy as a contraindication to the use of DES.  Except as already stated, Lilly denies all other allegations in Paragraph 6 of the Amended Complaint.

7.  Lilly admits that Decedent Linda Davis was born April 13, 1961.  Further answering, Lilly states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Amended Complaint.

8.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 8. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 8 of the Amended Complaint.

9.  Lilly denies the allegations in Paragraph 9 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Further answering, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragrah 9. To the extent any further answer is required, Lilly denies the allegations of Paragraph 9 of the Amended Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Amended Complaint.

## COUNT I
### (Negligence)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 10 above.

11. Lilly denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Amended Complaint, including each and every allegation contained in the subparts of Paragraph 13.

## COUNT II
### (Strict Liability)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

14. Lilly denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Lilly denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Amended Complaint, including each and every allegation contained in the subparts of Paragraph 17.

## COUNT III
### (Breach of Warranty)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 17 above.

18. Lilly denies the allegations contained in Paragraph 18 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

19. Lilly denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Lilly denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Amended Complaint, including each and every allegation contained in the subparts of Paragraph 23.

## COUNT IV
### (Negligent Misrepresentation)

Lilly repeats and realleges its answers contained in Paragraphs 1 through 23 above.

24. Lilly denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Lilly denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 28. To the extent that a further answer is required, Lilly denies the allegations in Paragraph 28 of the Amended Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Amended Complaint, including each and every allegation contained in the subparts of Paragraph 30.

## Count VI--Punitive Damages

Lilly repeats and realleges its answers contained in Paragraphs 1 through 30 above.

31. Lilly denies the allegations contained in Paragraph 30 of the Amended Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiff and Decedent sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiff and Decedent sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This Court lacks personal jurisdiction over defendant.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.


Respectfully submitted,

ELI LILLY AND COMPANY,

By its Attorneys,


/s/ James J. Dillon_____
James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000


Dated: October 7, 2004