# EXHIBIT 11

by the ordinary individual under customary conditions of purchase.

(2) A drug shall be exempt from the requirements of clause (2) of section 502 (e) of the act with respect to the alkaloids atropine, hyoscine or hyoscyamine contained in such drug, if such alkaloid is contained therein as a constituent of belladonna, hyoscyamus, scopola, stramonium, or other plant material, or any preparation thereof, which was used as an ingredient of such drug, and no practical and accurate method of analysis exists for the quantitative determination of each such alkaloid in such ingredient. But such exemption shall be on the condition that the label of such drug shall state the quantity or proportion of total alkaloids contained therein as constituents of such ingredient.

(Sec. 502, 52 Stat., 1050, as amended; 21 U. S. C. 352)

§ 1.106 *Drugs and devices; directions for use*—(a) *Adequate directions for use.* "Adequate directions for use" means directions under which the layman can use a drug or device safely and for the purposes for which it is intended. Directions for use may be inadequate because (among other reasons) of omission, in whole or in part, or incorrect specification of:

(1) Statements of all conditions, purposes, or uses for which such drug or device is intended, including conditions, purposes, or uses for which it is prescribed, recommended, or suggested in its oral, written, printed, or graphic advertising, and conditions, purposes, or uses for which the drug or device is commonly used; except that such statements shall not refer to conditions, uses, or purposes for which the drug or device can be safely used only under the supervision of a practitioner licensed by law and for which it is advertised solely to such practitioner.

(2) Quantity of dose (including usual quantities for each of the uses for which it is intended and usual quantities for persons of different ages and different physical conditions).

(3) Frequency of administration or application.

(4) Duration of administration or application.

(5) Time of administration or application (in relation to time of meals, time of onset of symptoms, or other time factors).

(6) Route or method of administration or application.

(7) Preparation for use (shaking, dilution, adjustment of temperature, or other manipulation or process).

(b) *Exemption for prescription drugs.* A drug subject to the requirements of section 503 (b) (1) of the act shall be exempt from section 502 (f) (1) if all the following conditions are met:

(1) The drug is:

(i) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale distribution of prescription drugs; or

(ii) In the possession of a retail, hospital, or clinic pharmacy, or a public health agency, regularly and lawfully engaged in dispensing prescription drugs;

and is to be dispensed in accordance with section 503 (b).

(2) The label of the drug bears:

(i) The statement "Caution: Federal law prohibits dispensing without prescription"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) If it is fabricated from two or more ingredients and is not designated conspicuously by a name recognized in an official compendium, the quantity or proportion of each active ingredient, and if it is not for oral use the names of all other ingredients.

*Provided, however,* That the information referred to in subdivisions (ii), (iii), and (iv) of this subparagraph may be contained in the labeling on or within the package from which it is to be dispensed; and, in the case of ampuls too small or otherwise unable to accommodate a label but which are packaged in a container from which they are withdrawn for dispensing or use, the information referred to in subdivision (i) of this subparagraph may be placed on the outside container only.

(3) The labeling of the drug (which may include brochures readily available to licensed practitioners) bears information as to the use of the drug by practitioners licensed by law to administer it: *Provided, however,* That such information may be omitted from the labeling if it is contained in scientific literature

widely disseminated among practitioners licensed by law to administer the drug.

(c) *Exemption for veterinary drugs.* A drug intended solely for veterinary use which, because of toxicity or other potentiality for harmful effect, or the method of its use, is not safe for animal use except under the supervision of a licensed veterinarian, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502 (f) (1) of the act if all the following conditions are met:

(1) The drug is in the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs and is to be sold only to or on the prescription or other order of a licensed veterinarian for use in the course of his professional practice.

(2) The label of a drug bears:

(i) The statement "Caution: Federal law restricts this drug to sale by or on the order of a licensed veterinarian"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) The quantity or proportion of each active ingredient if it is fabricated from two or more ingredients and is not designated conspicuously by a name recognized in an official compendium.

*Provided, however,* That the information referred to in subdivisions (ii), (iii), and (iv) of this subparagraph may be contained in the labeling on or within the package from which it is to be dispensed.

(3) The labeling of the drug (which may include brochures readily available to licensed veterinarians) bears information as to use of the drug by licensed veterinarians: *Provided, however,* That such information may be omitted from the labeling if it is contained in scientific literature widely disseminated among veterinarians licensed by law to administer such drug.

(d) *Exemption for prescription devices.* A device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe except under the supervision of a practitioner licensed by law to direct the use of such device, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502 (f) (1) of the act if all the following conditions are met:

(1) The device is in the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of such device and is to be sold only to or on the prescription or other order of such practitioner for use in the course of his professional practice.

(2) The label of the device (other than surgical instruments) bears:

(i) The statement "Caution: Federal law restricts this device to sale by or on the order of a _____," the blank to be filled with the word "physician," "dentist," "veterinarian," or with the descriptive designation of any other practitioner licensed by the law of the State in which he practices to use or order the use of the device; and

(ii) The method of its application or use.

(3) The labeling of the device (which may include brochures readily available to licensed practitioners) bears information as to the use of the device by practitioners licensed by law to use it or direct its use: *Provided, however,* That such information may be omitted from the labeling if it is contained in scientific literature widely disseminated among practitioners licensed by law to use or order the use of such device.

(e) *Exemptions for drugs and devices shipped directly to licensed practitioners, hospitals, clinics, or public-health agencies for professional use.* Except as provided in paragraph (g) of this section, a drug or device shipped directly to or in the possession of a practitioner licensed by law to administer the drug or to use or direct the use of the device, or shipped directly to or in the possession of a hospital, clinic, or public-health agency, for use in the course of the professional practice of such a licensed practitioner, shall be exempt from section 502 (f) (1) of the act if it meets the conditions of paragraphs (b) (2) and (3), (c) (2) and (3), or (d) (2) and (3) of this section.

(f) *Retail exemption for veterinary drugs and prescription devices.* A drug or device subject to paragraph (c) or (d) of this section shall be exempt at the time of delivery to the ultimate purchaser or user from section 502 (f) (1) of the act if it is delivered by a licensed practitioner in the course of his professional

practice or upon a prescription or other order lawfully issued in the course of his professional practice, with labeling bearing the name and address of such licensed practitioner and the directions for use and cautionary statements, if any, contained in such order.

(g) *Exemption for new drugs.* A new drug shall be exempt from section 502 (f) (1) of the act:

(1) To the extent to which such exemption is claimed in an effective application with respect to such drug under section 505 of the act; or

(2) If no application under section 505 of the act is effective with respect to such drug but it complies with section 505 (i) and regulations thereunder.

No exemption shall apply to any other drug which would be a new drug if its labeling bore representations for its intended uses.

(h) *Exemption for drugs or devices when directions are commonly known.* A drug or device shall be exempt from section 502 (f) (1) of the act insofar as adequate directions for common uses thereof are known to the ordinary individual.

(i) *Exemptions for inactive ingredients.* A harmless drug that is ordinarily used as an inactive ingredient, such as a coloring, emulsifier, excipient, flavoring, lubricant, preservative, or solvent, in the preparation of other drugs shall be exempt from section 502 (f) (1) of the act. This exemption shall not apply to any substance intended for a use which results in the preparation of a new drug, unless an effective new-drug application provides for such use.

(j) *Exemption for diagnostic reagents.* A drug intended solely for use in the professional diagnosis of disease and which is generally recognized by qualified experts as useful for that purpose shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Diagnostic reagent—For professional use only."

(k) *Exemption for prescription chemicals and other prescription components.* A drug prepared, packaged, and primarily sold as a prescription chemical or other component for use by registered pharmacists in compounding prescriptions or for dispensing in dosage unit form upon prescriptions shall be exempt from section 502 (f) (1) of the act if all the following conditions are met:

(1) The drug is an official liquid acid or official liquid alkali, or is not a liquid solution, emulsion, suspension, tablet, capsule, or other dosage unit form; and

(2) The label of the drug bears:

(i) The statement "For prescription compounding"; and

(ii) If in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1) of the act, the statement "Caution: Federal law prohibits dispensing without prescription"; or

(iii) If it is not subject to section 503 (b) (1) of the act and is by custom among retail pharmacists sold in or from the interstate package for use by consumers, "adequate directions for use" in the conditions for which it is so sold.

*Provided, however,* That the information referred to in subdivision (ii) of this subparagraph may be contained in the labeling on or within the package from which it is to be dispensed.

(3) This exemption shall not apply to any substance intended for use in compounding which results in a new drug, unless an effective new-drug application covers such use of the drug in compounding prescriptions.

(l) *Exemption for processing, repacking, or manufacture.* A drug in a bulk package (except tablets, capsules, or other dosage unit forms) or a device intended for processing, repacking, or use in the manufacture of another drug or device shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Caution: For manufacturing, processing, or repacking"; and, if in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1) the statement "Caution: Federal law prohibits dispensing without prescription." This exemption and the exemption under paragraph (k) of this section may be claimed for the same article. But the exemption shall not apply to a substance intended for a use in manufacture, processing, or repacking which causes the finished article to be a new drug, unless:

(1) An effective new-drug application held by the person preparing the dosage form or drug for dispensing covers the production and delivery to him of such substance; or

(2) If no application is effective with respect to such new drug, the label statement "Caution: For manufacturing, processing, or repacking" is immediately

Case 1:04-cv-10349-MBB    Document 25-14    Filed 07/15/2005    Page 5 of 6

supplemented by the words "in the preparation of a new drug limited by Federal law to investigational use," and the delivery is made for use only in the manufacture of such new drug limited to investigational use as provided in § 1.114.

(m) *Exemption for drugs and devices for use in teaching, research, and analysis.* A drug or device subject to paragraph (b), (c), or (d) of this section shall be exempt from section 502 (f) (1) of the act if shipped or sold to, or in the possession of, persons regularly and lawfully engaged in instruction in pharmacy, chemistry, or medicine not involving clinical use, or engaged in research not involving clinical use, or in chemical analysis, or physical testing, and is to be used only for such instruction, research, analysis, or testing.

(n) *Expiration of exemptions.* (1) If a shipment or delivery, or any part thereof, of a drug or device which is exempt under the regulations in this section is made to a person in whose possession the article is not exempt, or is made for any purpose other than those specified, such exemption shall expire, with respect to such shipment or delivery or part thereof, at the beginning of that shipment or delivery. The causing of an exemption to expire shall be considered an act which results in such drug or device being misbranded unless it is disposed of under circumstances in which it ceases to be a drug or device.

(2) The exemptions conferred by paragraphs (i), (j), (k), (l), and (m) of this section shall continue until the drugs or devices are used for the purposes for which they are exempted, or until they are relabeled to comply with section 502 (f) (1) of the act. If, however, the drug is converted, compounded, or manufactured into a dosage form limited to prescription dispensing, no exemption shall thereafter apply to the article unless the dosage form is labeled as required by section 503 (b) and paragraph (b), (c), or (d) of this section.

(o) *Intended uses.* The words "intended uses" or words of similar import in paragraphs (a), (g), (i), (j), (k), and (1) of this section refer to the objective intent of the persons legally responsible for the labeling of drugs and devices. The intent is determined by such persons' expressions or may be shown by the circumstances surrounding the distribution of the article. This objective intent may, for example, be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives. It may be shown by the circumstances that the article is, with the knowledge of such persons or their representatives, offered and used for a purpose for which it is neither labeled nor advertised. The intended uses of an article may change after it has been introduced into interstate commerce by its manufacturer. If, for example, a packer, distributor, or seller intends an article for different uses than those intended by the person from whom he received the drug, such packer, distributor, or seller is required to supply adequate labeling in accordance with the new intended uses. But if a manufacturer knows, or has knowledge of facts that would give him notice, that a drug or device introduced into interstate commerce by him is to be used for conditions, purposes, or uses other than the ones for which he offers it, he is required to provide adequate labeling for such a drug which accords with such other uses to which the article is to be put.

§ 1.107 *Drugs and devices; exemptions.* (a) Except as provided by paragraphs (b) and (c) of this section, a shipment or other delivery of a drug or device which is, in accordance with the practice of the trade, to be processed, labeled, or repacked in substantial quantity at an establishment other than that where originally processed or packed, shall be exempt, during the time of introduction into and movement in interstate commerce and the time of holding in such establishment, from compliance with the labeling and packaging requirements of sections 501 (b) and 502 (b), (d), (e), (f), and (g) of the act if:

(1) The person who introduced such shipment or delivery into interstate commerce is the operator of the establishment where such drug or device is to be processed, labeled, or repacked; or

(2) In case such person is not such operator, such shipment or delivery is made to such establishment under a written agreement, signed by and containing the post-office addresses of such person and such operator, and containing such specifications for the processing, labeling, or repacking, as the case may be, of such drug or device in such establishment as will insure, if such specifications are followed, that such drug or device will not be adulterated or misbranded within the meaning of the act upon completion

*Page 21*

Sec.
1.110 New drugs; applications. [Revoked]
1.111 Notification of applicant. [Revoked]
1.112 Insufficient information in application. [Revoked]
1.113 Untrue statements in application. [Revoked]
1.114 New drugs; exemption from section 505(a). [Revoked]
1.115 Definition of term "insulin." [Revised]

COSMETICS

1.203 Cosmetic; labeling requirements, form of stating. [Amended]
1.204 Cosmetic; labeling requirements; exemptions. [Amended]

IMPORTS AND EXPORTS

1.322 Costs chargeable in connection with relabeling and reconditioning inadmissible imports. [Amended]

FOOD

§ 1.9 *Food; labeling; prominence of required statements.* * * *

(c) (1) * * * *Provided, however,* That in the case of articles distributed solely in a Territory where the predominant language is one other than English, the predominant language may be substituted for English.

[Proviso added, 21 F. R. 2719, Apr. 27, 1956]

* * * * *

§ 1.12 *Food; labeling; artificial flavoring or coloring, chemical preservatives.*
(a) * * *

(3) The term "chemical preservative" means any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties.

[Subparagraph (3) amended, 23 F. R. 2214, Apr. 4, 1958]

* * * * *

(f) A fruit or vegetable shall be exempt from compliance with the requirements of section 403 (k) of the act with respect to a chemical preservative applied to the fruit or vegetable as a pesticide chemical prior to harvest.

[Paragraph (f) added, 23 F. R. 2214, Apr. 4, 1958]

§ 1.13 *Food; exemptions from labeling requirements.* * * *

(b) * * *

(2) In case such person is not such operator, such shipment or delivery is made to such establishment under a written agreement, signed by and containing the post-office addresses of such person and such operator, and containing such specifications for the processing, labeling, or repacking, as the case may be, of such food in such establishment as will insure, if such specifications are followed, that such food will not be adulterated or misbranded within the meaning of the act upon completion of such processing, labeling, or repacking. Such person and such operator shall each keep a copy of such agreement until 2 years after the final shipment or delivery of such food from such establishment, and shall make such copies available for inspection at any reasonable hour to any officer or employee of the Department who requests them.

[Subparagraph (2) amended, 22 F. R. 890, Feb. 13, 1957]

* * * * *

DRUGS AND DEVICES

§ 1.103 *Drugs and devices; forms of making required statements.* * * *

(c) (1) * * * *Provided, however,* That in the case of articles distributed solely in a Territory where the predominant language is one other than English, the predominant language may be substituted for English;

[Proviso added, 21 F. R. 2719, Apr. 27, 1956]

* * * * *

§ 1.106 *Drugs and devices; directions for use.* * * *

(l) *Exemption for processing, repacking, or manufacture.*

CODIFICATION: In paragraph (l) (2), the reference "§ 1.114" was changed to "§ 130.3", 23 F. R. 7909, Oct. 14, 1958.

(m) *Exemption for drugs and devices for use in teaching, law enforcement, research, and analysis.* A drug or device subject to paragraph (b), (c), or (d) of this section shall be exempt from section 502 (f) (1) of the act if shipped or sold to, or in the possession of, persons regularly and lawfully engaged in instruction in pharmacy, chemistry, or medicine not involving clinical use, or engaged in law enforcement, or in research not involving clinical use, or in chemical analysis, or physical testing, and is to be used only for such instruction, law enforcement, research, analysis, or testing.

[Paragraph (m) amended, 21 F. R. 2337, Apr. 11, 1956]

* * * * *