UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARRY DAVIS, Individually, and as
Administrator of the Estate of LINDA
MARIE DAVIS, Deceased,

                Plaintiff,

      v.

ELI LILLY AND COMPANY,

                Defendant.

CIVIL ACTION No. 04-10349 (MEL)

### DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE EXPERT TESTIMONY OF MICHAEL SHIMKIN, M.D. AND GERI FUHRMANN, M.D.

On July 29, 2005, two days before the close of discovery in this case and nearly three months after the expert disclosure deadline, Plaintiff has identified two additional expert witnesses, Michael B. Shimkin, M.D. and Geri S. Fuhrmann, Ph.D. In addition, Plaintiff seeks to enter the deposition of Dr. Shimkin via videotape because he is deceased and conspicuously unavailable for examination on matters that arose from research since his death. Defendant Eli Lilly and Company ("Lilly") hereby moves to strike this expert testimony as untimely and prejudicial, and as reasons therefore states:

    1.    Plaintiff's expert disclosures were due in this case by April 1, 2005. *See* November 23, 2004 Minute Order accepting the parties' proposed pretrial schedule (Ex. 1). Discovery closed on July 1, 2005. May 31, 2005 Amended Scheduling Order (Ex. 2). The Court's Amended Scheduling Order did not extend the time for expert disclosures. *Id.*

1

2.       Plaintiff served his amended Rule 26(A)(2)(B) disclosure, naming Drs. Shimkin and Fuhrmann for the first time, on June 29, 2005.  Plaintiff's Rule 26(A)(2)(B) Amended Disclosure of Expert Testimony (Ex. 3).  Dr. Fuhrmann's report was not produced until July 22, 2005.  Further, Dr. Shimkin's videotaped deposition, upon which Plaintiff presumes to rely, has not been produced.

3.       A settlement conference is scheduled for July 26, 2005.  Dr. Fuhrmann's expert report, on a subject matter not previously the subject of expert testimony, and Dr. Shimkin's videotaped deposition likely contain factual claims and expert opinions that remain unchallenged.  Allowing Plaintiff to rely upon these experts during settlement negotiations before Lilly has even seen the evidence, much less had an opportunity to challenge it, will greatly prejudice Lilly.[1]

4.       Federal Rule of Civil Procedure 26(a)(2)(C) requires the timely disclosure of expert testimony to prevent such unfair surprise.  *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004).  Furthermore, Federal Rule of Civil Procedure 26(b)(4)(A) states that expert depositions shall not be conducted until after the expert provides his or her report.  There is simply no way for Lilly to take the discovery to which it is entitled after receiving Dr. Fuhrmann's report on July 22, 2005.  Exclusion is the proper remedy when a party fails to meet the court's expert disclosure deadlines.  *Poulis-Minott* at 358; *see also Central Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 295 (D. Me. 1987) (excluding testimony of expert added six months after date for designation of

---

[1] Lilly also moves to preclude Plaintiff from relying upon these witnesses and their testimony at trial, should the case not settle. *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59-60 (1st Cir. 2001); Fed. R. Civ. P. 37(c)(1).  Lilly has had no opportunity to depose Dr. Fuhrmann and cannot have any opportunity to depose Dr. Shimkin, who is deceased.  In this instance, allowing Plaintiff to rely upon these experts would be patently unfair.

experts; granting continuance would allow parties to "disregard[] with impunity" pretrial deadlines "to the detriment of judicial efficiency").

5.   Violation of a scheduling order may only be excused if good cause exists for the offender's failure to comply. *See* Fed. R. Civ. P. 16(b); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002); *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996). Here, there is no such good cause for Plaintiff's amended disclosures nearly 3 months after the deadline for expert disclosures had passed. Dr. Shimkin's testimony on the state of the art is based simply on a review of the published literature - something that any expert can do and an area where Plaintiff previously designated Dr. Paul Stolley and Dr. Brian Strom. Thus, Plaintiff will not be prejudiced by the exclusion of Dr. Shimkin.

6.   In addition, Dr. Shimkin has been dead since January, 1989. Lilly has information indicating that Dr. Shimkin was last deposed in 1978. Since his videotaped deposition, much new information on the state of the art has been revealed. For example, new information has come to light about the alleged causal relationship between *in utero* DES exposure and clear cell cancer, from Dr. Arthur Herbst's Registry of ClearCell Adenocarcinoma of the Genital Tract in Young Females and other sources, that was not available the last time Dr. Shimkin was deposed. Thus, Dr. Shimkin's videotaped deposition testimony from 1978, and certainly the cross examination of Dr. Shimkin, represents a moment in time view that is not relevant to this case more than a quarter century later. Because of the delays in naming Dr. Shimkin as a witness, and because of the many years that have passed since Dr. Shimkin was last deposed, Plaintiff must be precluded from relying on Dr. Shimkin's testimony.

WHEREFORE, Lilly respectfully requests that its Motion to Strike Expert Testimony of Drs. Shimkin and Fuhrmann be GRANTED.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ James J. Dillon
James J. Dillon, BBO # 124660
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorneys for Defendant
Eli Lilly and Company

Dated: July 25, 2005

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

I, James J. Dillon, hereby certify that I conferred with counsel for Plaintiff as required under Local Rule 7.1. Despite the parties' good faith efforts to resolve or narrow the issues raised in this motion, they were unable to resolve this dispute.

/s/ James J. Dillon