IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARRY DAVIS, Individually, and as
Administrator of the Estate of LINDA
MARIE DAVIS, Deceased,

    Plaintiff,

v.

ELI LILLY AND COMPANY,

    Defendant.

CIVIL ACTION No. 04-10349 (MEL)

## DEFENDANT ELI LILLY AND COMPANY'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW defendant Eli Lilly and Company (hereinafter "Lilly"), by and through its attorneys, Foley Hoag, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and provides the following responses to Plaintiff's First Set of Interrogatories to Defendant Eli Lilly and Company.

### PRELIMINARY STATEMENT

As a preface to each and every response to plaintiff's interrogatories, Lilly qualifies its response by stating that Lilly has not completed its investigation of the facts relating to this case, has not completed its discovery in this action and has not completed its preparation for trial. Lilly reserves the right to amend or supplement these responses as discovery in the case progresses, as new facts are developed and as new information is obtained. Therefore, the following responses are given without prejudice to Lilly's right to produce any additional evidence at trial or in connection with any pretrial proceeding.

Some of the events relevant to this action occurred over sixty (60) years ago. Due to the lapse of time, many of the individuals having personal knowledge of these events are

1594471v1

sections, including the Product Information sections. Lilly's diethylstilbestrol was listed in the Modern Drug Encyclopedia ("MDE") during the period 1947 through Linda Davis' date of birth. Lilly's entries in these publications are available in the public domain and are as equally available to plaintiff as to Lilly.

**INTERROGATORY NO. 5:** Did you sell, market, or distribute diethylstilbestrol in the Worcester, Massachusetts area during the years 1955 through 1961? If so, identify the pharmaceutical companies, drug houses, retailers, wholesalers, distributors or agents to whom you sold diethylstilbestrol in the Worcester, Massachusetts area, or who sold, distributed or marketed diethylstilbestrol on your behalf in the Worcester, Massachusetts area between 1956 and 1961.

**RESPONSE:** Lilly incorporates herein its Objections A, B and C. Without waiving and subject to its objections, Lilly states that through the relevant time period it sold its pharmaceutical products FOB Indianapolis, Indiana to independent drug wholesalers located throughout the United States, who, in turn, sold to retail druggists. Lilly states that during the period in question, the pharmaceutical wholesalers located in the Worcester, Massachusetts area who were authorized to carry Lilly's pharmaceutical products, as well as the pharmaceutical products of other manufacturers in the time period relevant to Linda Davis' mother's pregnancy with her were:

Gilman Brothers, Inc., Worcester Division
45 Arctic Street
Worcester 8, Massachusetts

Massachusetts Wholesale Drug Company
149 Greenwood Street
Worcester 1, Massachusetts

Lilly no longer has records showing sales or shipments of its pharmaceutical products to particular pharmaceutical wholesalers during the period in question. Lilly did not sell such pharmaceutical products directly to physicians, hospitals, or pharmacies.

- 6 -

**INTERROGATORY NO. 6:** Did you have in effect any distribution, sales or supplier agreement with the any drug distributor or wholesaler for the distribution, sale or supply of your diethylstilbestrol products within the State of Massachusetts during the period from 1956 through 1961? If yes, please give the name of the distributor or wholesaler and describe in detail the terms of the agreement(s), or alternatively, attach copies of the agreement(s).

**RESPONSE:** Lilly incorporates herein its response to Interrogatory No. 3 and its response to Request No. 11 of Plaintiff's First Request for Production to Defendant Eli Lilly and Company.

**INTERROGATORY NO. 7:** Please state the names and current addresses of all detailmen, sales representatives and/or other similar employees or former employees of yours whose territory included Hahnemann Hospital, n/k/a UMASS Memorial Medical Center – Hahnemann Campus, Worcester, MA; the office of Dr. Paul Montag, Worcester, MA, and/or Boulevard Pharmacy in Worcester, MA during the period from 1956 through 1961.

**RESPONSE:** Lilly objects to this interrogatory to the extent that it seeks information for time periods other than that of the pregnancy of Linda Davis' mother with her on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to its objections, Lilly states that to the best of its knowledge the detailman who would have called Hahnemann Hospital, n/k/a UMASS Memorial Medical Center – Hahnemann Campus, Worcester, MA; the office of Dr. Paul Montag, Worcester, MA, and/or Boulevard Pharmacy in Worcester, MA during the period from 1956 through 1961 during the relevant time period would have been John Breen or Maurice Goulet. Both Mr. Breen and Mr. Goulet are deceased.

**INTERROGATORY NO. 8:** During the time period from 1956 through 1961, please state the following as to your labeling or package insert for diethylstilbestrol: (a) indications for use, (b) contraindications, (c) warnings, (d) adverse reactions, (e) dosage. Indicate any changes made with the passage of time in each of these categories, stating the date when the change was made and the reason for the change.

**RESPONSE:** Lilly incorporates herein its Objections A, B, and C. Without waiving and subject to its objections, Lilly states that its NDA for diethylstilbestrol was approved by the FDA on September 12, 1941, for use in the following conditions: the treatment of menopausal symptoms, the treatment of senile vaginitis, the relief of painful engorgement of the breasts in postpartum women, and the treatment of gonorrheal vaginitis in prepubertal girls. The drug has also at times been indicated for use in the control of functional uterine bleeding, the treatment of carcinoma of the breast, the treatment of carcinoma of the prostate, the treatment of osteoporosis, and the control of spontaneous hemorrhage. It was not until after FDA approval of Lilly's supplemental NDA on September 16, 1947, that Lilly's diethylstilbestrol was indicated for use in the prevention of certain accidents of pregnancy.

Lilly further states that all representations about Lilly's diethylstilbestrol, including indications, pharmacologic effects, physiologic effects, chemical composition, contraindications, and warnings, were made in Lilly's product literature for diethylstilbestrol. Lilly has previously made copies of its product literature for diethylstilbestrol through Linda Davis' date of birth available to counsel for plaintiff in *Sheppard v. Eli Lilly and Company*.

**INTERROGATORY NO. 9:** At any time when you marketed, distributed or sold DES for prevention of miscarriage or "accidents of pregnancy," what was the intended effect physically of DES upon the woman ingesting it and/or the fetus?

- 8 -

1594471v1

**RESPONSE:** Lilly objects to this interrogatory on the grounds that the phrase "intended effect" is vague and undefined. Lilly further objects to this interrogatory to the extent it seeks information more properly the subject of expert testimony. Lilly has not yet decided whom it will call to testify at trial in this case. Lilly will provide this information pursuant to applicable court rules and scheduling orders in this matter. Without waiving and subject to its objections, Lilly incorporates herein its response to Interrogatory No. 8.

**INTERROGATORY NO. 10:** Did your company rely in whole or in part on the statements of other DES manufacturers or sellers that DES was efficacious in preventing threatened abortion? If so, please identify all such manufacturers, why you relied on them, and all facts supporting any contention of your part that you were entitled to rely on them. If your reasoning or belief as to the efficacy of DES changed at any time that you were selling the drug, please state each such reason or belief, indicating when and why it changed.

**RESPONSE:** Lilly incorporates herein its Objections A and H. Without waiving and subject to its objections, Lilly answers no. Lilly further answers that it filed its NDAs with the FDA independently and separately of any other company or entity. Further answering, Lilly incorporates herein its responses to Interrogatory No. 8.

**INTERROGATORY NO. 11:** If you contend that you could not possibly have provided any portion of the DES that the female Plaintiff's mother received, set forth all facts which support your contention.

**RESPONSE:** Lilly incorporates herein its Objection E. Without waiving and subject to its objection, Lilly states that it has not completed its discovery in this matter, and as a result, cannot respond to this interrogatory at this time. Lilly reserves the right to amend this response after it has completed its investigation and discovery in this matter.

**INTERROGATORY NO. 12:** What if any steps have you taken to establish or rule out product identification in this case?

**RESPONSE:** Lilly incorporates herein its Objection E. Without waiving and subject to its objection, Lilly states that it has not completed its discovery in this matter, and as a result, cannot respond to this interrogatory at this time. Lilly reserves the right to amend this response after it has completed its investigation and discovery in this matter.

**INTERROGATORY NO. 13:** Identify any (a) statements, affidavits or transcripts of testimony that have been prepared, at any time, of any physician, pharmacy representative or employee, pharmacist and/or hospital representative or records custodian in connection with this case (including Dr. Paul Montag, and/or Boulevard Pharmacy, and/or Hahnemann Hospital n/k/a UMASS Memorial Medical Center – Hahnemann Campus, Worcester, MA), and (b) other statements that have been obtained from any persons with knowledge of any facts relevant to this case, including any statements or affidavits obtained in other DES litigation arising out of Dr. Paul Montag's or Boulevard Pharmacy's practice. Alternatively, you may attach copies of all such statements.

**RESPONSE:** Lilly incorporates herein its Objections B, E, F and G. Lilly further objects to this interrogatory on the grounds that is overly broad and unduly burdensome. Without waiving and subject to its objections, Lilly states that, to the best of its knowledge, it has no information responsive to this interrogatory. Further answering, Lilly incorporates herein its response to Request No. 14 of Plaintiff's Request for Production to Defendant Eli Lilly and Company.

**INTERROGATORY NO. 14:** Identify all persons whom you have contacted or spoken with concerning the issue of diethylstilbestrol inventory or product identification in this case, including any and all pharmacists, former pharmacists, pharmacy

- 10 -

1594471v1

employees, or any other individuals concerning whether Boulevard Pharmacy, Worcester, MA, stocked DES and/or any brand of DES it stocked from 1956 through 1961.

**RESPONSE:** Lilly incorporates herein its objections E and G. Lilly further objects to this interrogatory as an improper attempt by plaintiff to require Lilly to prepare plaintiff's case. Lilly further states that plaintiff has the burden of proving the facts necessary to establish the elements of any alleged cause of action, including the cause of any alleged injuries.

**INTERROGATORY NO. 15:** For the period from 1956 through 1961, please identify who held the following positions in your company: (a) president, (b) chief medical officer, (c) chief physician or scientist in charge of monitoring DES, (d) chief of testing in animals, including DES, (e) chief clinical investigation, including DES, (f) in charge of FDA liaison relations, including DES, (g) in charge of dealing with adverse reactions or marketed drugs, including DES. As to each person, give his or her degrees, indicate if deceased, and state if employed by the company today. If not so employed, and not deceased, give their last known address. If any of them have previously given deposition or trial testimony in connection with any DES product liability litigation, please provide case captions, dates of testimony, and identify the custodians of any transcripts made.

**RESPONSE:** Lilly incorporates herein its Objection A. Lilly further objects to this interrogatory on the grounds that it seeks irrelevant and immaterial information which is not reasonably calculated to the lead to the discovery of admissible evidence. Without waiving and subject to its objections, Lilly states that the physician at Lilly primarily responsible for the medical evaluation of the research, development, and clinical testing of a new drug through FDA approval and for monitoring the post-marketing experience of an approved drug is called a medical monitor.

**RESPONSE:** Lilly incorporates herein its Objections A and D. Lilly further objects to this interrogatory to the extent it assumes that studies using pregnant animals are necessarily meaningful with respect to pregnant women. Whether an animal is an appropriate model for testing the effects of a drug on a biological system depends on a variety of factors, including the physiologic similarity of the animal to the human. Published results of clinical studies reporting observations in human beings showed that the effects described in rodents were not duplicated in the human fetus. Without waiving and subject to its objections, Lilly cannot state for certain if studies testing the effects of diethylstilbestrol in pregnant animals were conducted by Lilly, or at the request of Lilly, prior to Linda Davis' date of birth. Lilly has made reasonable inquiry and diligently searched for records and has discovered that the information known or obtainable from records in existence is insufficient to enable it to determine if such tests were conducted.

**INTERROGATORY NO. 20:** Please identify any and all persons who have any knowledge whatsoever of the brands of diethylstilbestrol stocked and/or dispensed by Boulevard Pharmacy in Worcester, Massachusetts between 1956 and 1961. Such identification should include the person's full name, address, occupation, employer, and a brief summary of their knowledge.

**RESPONSE:** Lilly incorporates herein its Objection E. Without waiving and subject to its objection, Lilly states that it has not completed its discovery in this matter, and as a result, cannot respond to this interrogatory at this time. Lilly reserves the right to amend this response after it has completed its investigation and discovery in this matter

**INTERROGATORY NO. 21:** With respect to announcements or allegations that DES may cause fetal abnormalities, what efforts have you made since 1971 to do

- 44 -

1594471v1

- 47 -

compiled under the direction and control of Michael J. Harrington, Assistant General Counsel, Eli Lilly and Company, Indianapolis, Indiana.

Respectfully submitted,

FOLEY HOAG LLP

/s/ James J. Dillon
James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
John M. Gransky (BBO# 647086)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600
(617) 832-1000

Dated: March 7, 2005

By: /s/ Michael J. Harrington
Michael J. Harrington
Assistant General Counsel

STATE OF INDIANA      )
                      : ss.:
COUNTY OF MARION      )

On this 1st day of March, 2005, before me appeared Michael J. Harrington, Assistant General Counsel, Eli Lilly and Company, who stated that he signed the above Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company but that many of the facts set forth in such Responses are not within his personal knowledge, having been assembled and compiled by others within the employ of Eli Lilly and Company at his direction, as to which facts he is informed and believes the same to be true and that the remaining facts are known by him to be true.

Subscribed and sworn to before me this 1st day of March, 2005.

/s/ Karen L. Smith
Karen L. Smith, Notary Public
Morgan County, Indiana
February 7, 2010

968267v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARRY DAVIS, Individually, and as
Administrator of the Estate of LINDA
MARIE DAVIS, Deceased,

    Plaintiff,

v.

ELI LILLY AND COMPANY,

    Defendant.

CIVIL ACTION No. 04-10349 (MEL)

### DEFENDANT ELI LILLY AND COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW defendant Eli Lilly and Company (hereinafter "Lilly"), by and through its attorneys, Foley Hoag, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and provides the following supplemental responses to Plaintiff's First Set of Interrogatories to Defendant Eli Lilly and Company.

### PRELIMINARY STATEMENT

Lilly expressly incorporates the Preliminary Statement set out in its original responses to Plaintiff's First Set of Interrogatories to Defendant Eli Lilly and Company.

### GENERAL OBJECTIONS

Lilly expressly incorporates the General Objections set out in its original responses to Plaintiff's First Set of Interrogatories to Defendant Eli Lilly and Company.

### INTERROGATORIES

INTERROGATORY NO. 11

If you contend that you could not possibly have provided any portion of the DES that the female Plaintiff's mother received, set forth all facts which support your contention.

B3038974.6

RESPONSE:

Lilly incorporates herein its Objection E. Subject to and without waiving its General and Specific Objections, Lilly states that it makes no contentions, as proof that the product involved in this case was made by Lilly is a burden borne by plaintiff. Lilly does not believe that there is any proof that a product made by Lilly was ingested by plaintiff's mother, who testified only that the pill she took was white. This is insufficient to identify Lilly among all other manufacturers of DES in 1960-61. Further, there is no proof known to Lilly that DES in the form of a white pill was available from the pharmacy identified by plaintiff's mother where any prescription might have been filled.

INTERROGATORY NO. 12

What if any steps have you taken to establish or rule out product identification in this case?

RESPONSE:

Lilly incorporates its General Objection E. Subject to and without waiving its General and Specific Objections, Lilly states that it is Plaintiff's burden to establish product identification. Further answering, Lilly states that it has taken steps to identify, locate, and contact any pharmacist who may have worked at the Boulevard Pharmacy between 1960 and April 13, 1961.

INTERROGATORY NO. 13

Identify any (a) statements, affidavits or transcripts of testimony that have been prepared, at any time, of any physician, pharmacy representative or employee, pharmacist and/or hospital representative or records custodian in connection with this case (including Dr. Paul Montag, and/or Boulevard Pharmacy, and/or Hahnemann Hospital n/k/a UMASS Memorial Medical

Center – Hahnemann Campus, Worcester, MA), and (b) other statements that have been obtained from any persons with knowledge of any facts relevant to this case, including any statements or affidavits obtained in other DES litigation arising out of Dr. Paul Montag's or Boulevard Pharmacy's practice. Alternatively, you may attach copies of all such statements.

RESPONSE:

Lilly incorporates herein its Objections B, E, F and G. Subject to and without waiving it General and Specific Objections, Lilly states that it has no statements or affidavits responsive to Interrogatory No. 13.

INTERROGATORY NO. 14

Identify all persons whom you have contacted or spoken with concerning the issue of diethylstilbestrol inventory or product identification in this case, including any and all pharmacists, former pharmacists, pharmacy employees, or any other individuals concerning whether Boulevard Pharmacy, Worcester, MA, stocked DES and/or any brand of DES it stocked from 1956 through 1961.

RESPONSE:

Lilly, by its counsel, spoke to Geraldine Arakelian and Joseph L. Rossetti. Both Ms. Arakelian and Mr. Rossetti were reached at the Boulevard Pharmacy Compounding Center.

INTERROGATORY NO. 20

Please identify any and all persons who have any knowledge whatsoever of the brands of diethylstilbestrol stocked and/or dispensed by Boulevard Pharmacy in Worcester, Massachusetts between 1956 and 1961. Such identification should include the person's full name, address, occupation, employer, and a brief summary of their knowledge.

RESPONSE:

Lilly incorporates herein its General Objection A. Subject to and without waiving its General and Specific Objections, Lilly states that it is not aware of any person who possesses actual knowledge of the stocking and dispensing practices of the Boulevard Pharmacy with respect to diethylstilbestrol between 1956 and April 13, 1961.

Respectfully submitted,

FOLEY HOAG LLP

James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
John M. Gransky (BBO# 647086)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600
(617) 832-1000

Dated: May 31, 2005

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing document was served on May 31, 2005 by U.S. First Class Mail, postage prepaid, upon:

Patricia M. Stanford, Esq.
Patricia M. Stanford, P.A.
3609 Hendricks Avenue
Jacksonville, FL  32207
**Attorney for Plaintiffs**

Brian L. Henninger

By: /s/ *signature*
Assistant General Counsel
Michael J. Harrington

STATE OF INDIANA    )
                    : ss.:
COUNTY OF MARION    )

On this 26th day of May 2005, before me appeared Michael J. Harrington, Assistant General Counsel, Eli Lilly and Company, who stated that he signed the above Responses to Plaintiffs' First Set of Interrogatories to Defendant Eli Lilly and Company but that many of the facts set forth in such Responses are not within his personal knowledge, having been assembled and compiled by others within the employ of Eli Lilly and Company at his direction, as to which facts he is informed and believes the same to be true and that the remaining facts are known by him to be true.

Subscribed and sworn to before me this 26th day of May, 2005.

*Karen L. Smith signature*
Notary Public
Karen L. Smith
Morgan County, Indiana
February 7, 2010

B3038974.5

- 6 -