To: The Honorable Judge Marianne B. Bowler
United States District Court
For the district of Massachusetts
Boston Division

John Joseph Moakley US Court House
1 Court House Way
Boston, MA 02210

Fm: Barry L. Davis
Former of 9 Jay Street, Auburn, MA 01501
Currently
72 Corbin Road
Dudley, MA 01571

RE: Structured Settlement of Civil Action
No: 1:04-CV-10349-HBB

September 20, 2007

Your honor,
I write to you in the hopes that you may be able to help me. I appeared before you in the summer of 2005 concerning a wrongful death suit against Eli Lilly Pharmaceutical Company. I was represented by Patti Stanford of Jacksonville, Fl. I write directly to you because I don't have anywhere else to turn to for help. Please allow me to explain the reason why I write to you and the question I have.

At the conclusion of this case, where you signed an Order Approving Settlement, things where going well for me and my children Matthew and Brittany. Although I had just recently lost my job in the Department of Surgery at the UMass Memorial Health Care University Campus in Worcester, there were no worries. During the spring of 2006, I had met a wonderful woman via an Internet dating service. We dated and I asked her to marry me on August 8, 2006. During the early fall of 2006, we decided to buy a home in preparation to get married on September 8, 2007. After what I thought was careful financial planning, Cynthia Kemp and I purchased a wonderful 5+ bedroom colonial in Dudley, MA.

Cindy and I decided to get married earlier than our September 8, 2007 date so as to say considerable monies on my and my kids health insurance and other areas that a married family of seven could take advantage of. We married in our home, in front of only our children on April 1, 2007. Seriously.

During the time we were planning to and did purchase the Dudley home, I was renovating my Auburn home. The house was in considerable need of work in preparation to put the house on the Market in mid-March, 2007. Of course with any renovation comes the potential of running into unexpected additional costs. I thought I had planned for such problems, but found out this past May, I had made a big mathematical error when planning the budget to carry two mortgages using the lump sum I received from the settlement. This mistake compounded by the additional expenses has put us in a BIG financial dilemma.

I have tapped ALL of my savings, all of my lump sum and am now…"stealing from Peter to pay Paul" when it comes to my bills. I am sacrificing the Auburn mortgage and bills to assure I keep all the Dudley bills current. My mortgage company for the Auburn home is aware of this and I only have two store credit cards and one Disney Visa credits cards that account for my current credit history. I am not at the max on any of these and all three are aware of my situation. The Auburn house, even though it has had 40 showings and 3 offers since Mid-March, has yet to be sold. I have looked around the area to find a bank that would lend me $30,000 on the equity on my Dudley home so I can carry the two mortgages for a year, with no success. My family does not have that kind of resources to help. This is where I have my question…..

Either through you or other court, can I make arrangements to have the last 2 years of my structured settlement advanced to me in a lump sum?

I have attached a copy of the structured settlement that you approved. I direct your attention to the fourth page of the Summit settlement Services report, starting on 7/29/2018 at my age of 60, my monthly structured settlement payments would be $2,203 for life, guaranteed for 20 years. If what I am asking can be done, I would like to receive $52,848 in a lump sum and have the $2,202 guaranteed for 18 years. To be totally up front with you, I don't expect to make it to age 78. Heart problems run I my family. However, those heart problems were due to, on my fathers and mother's side, heavy smoking and drinking. I, on the other hand, don't smoke, drink to illegal drugs…but that's no guarantee.

I have these thousands of dollars tied up in the structured settlement that could do me some good, but I can't access them. I swear to you on the penalty of perjury that I have not squandered my money in any way. I have use a vast majority of it to better my home for my family. I have bought a few things for myself in the way of video production gear to start a business in the future, but that is the extent of my use of my money. I have NOT used any of the children's portions of the settlement to get myself out of this mess.

Your honor, I am at the end of my rope, hanging on by that last thread. I am not in any imminent danger of loosing the Dudley house and will not place it in any danger of foreclosure. But I am afraid for the Auburn home. It is vacant and still on the market with some potential of sale soon. I don't know if this is the correct way to go about this, but I am tapping all my resources I have available to me. Right now, I can't afford an attorney to represent me in this matter. I have contacted a few in the Worcester area in the area of wills and trusts and none will touch it.

What can you do to help? I am available at any time of the day to speak on the telephone or in person to discuss this with you. You may call me at anytime on my cell phone. I hope there is something you can do to help me.

Sincerely,

*Barry L. Davis*
Barry L. Davis

508-864-4319
attachments